UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
A.M. SURGICAL, INC.,

                              Plaintiff,

    -against-

MASOOD AKHTAR
(doing business as
A.M. Surgical and
*www.amsurgical.biz*)
                             Defendant(s).
----------------------------------------------------------------x

FILED
CLERK
5/10/2016 4:34 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**
15-cv-1318(ADS)(SIL)

**APPEARANCES:**

**Andrews Kurth LLP**
*Attorneys for the Plaintiff*
450 Lexington Avenue
New York, NY 10017
        By:   Gary Abelev, Esq.
                 Paul D. Ackerman, Esq., Of Counsel

**NO APPEARANCE:**

**Masood Akhtar d/b/a A.M. Surgical and www.amsurgical.biz**
*The Defendant*

**SPATT, District Judge:**

On March 13, 2015, the Plaintiff A.M. Surgical, Inc. (the "Plaintiff") commenced this action against the Defendant Masood Akhtar d/b/a A.M. Surgical and www.amsurgical.biz ("Akhtar" or the "Defendant"), alleging trademark infringement, unfair competition, and false designation of origin in violation of the federal Lanham Act, as well as analogous causes of action under New York state law arising from the Defendant's alleged unauthorized use of the Plaintiff's registered trademark.

The Defendant failed to answer or otherwise appear in the action, and on November 23, 2015, the Clerk of Court noted Akhtar's default.

On December 4, 2015, the Plaintiff moved for a default judgment.

On December 7, 2015, this Court referred the matter to United States Magistrate Judge Steven I. Locke for a recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded.

On April 19, 2016, Judge Locke issued a Report and Recommendation (the "R&R"), recommending that the Plaintiff's motion be granted in part and denied in part. In particular, Judge Locke recommended that the Court grant the Plaintiff's motion and enter a default judgment as to: (1) the first and second counts of the complaint based on federal trademark infringement, unfair competition, and false designation of origin, in violation of Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a), respectively; (2) the third and seventh counts of the complaint based on common law trademark infringement and unfair competition under New York law; and (3) the sixth count of the complaint based on injury to business reputation and dilution of trademark in violation of New York General Business Law ("GBL") § 360-L.

Further, Judge Locke recommended that the Court deny the Plaintiff's motion with respect to: (1) the fourth count of the complaint based on a violation of the federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); and (2) the fifth count of the complaint based on deceptive acts and practices, and false advertising in violation of GBL §§ 349 and 350.

With regard to monetary damages, Judge Locke recommended that the Plaintiff be awarded $60,000 in statutory damages under the relevant provisions of the Lanham Act,

15 U.S.C. § 11117(c). However, the court also recommended that the Court deny without prejudice the Plaintiff's request for attorneys' fees due to its failure to submit contemporaneous time records or other evidence to allow the Court to assess the reasonableness of the $24,833 sum requested.

Finally, Judge Locke found that the Plaintiff established its entitlement to injunctive relief permanently enjoining the Defendant from further infringing upon the Plaintiff's registered trademark.

On April 20, 2016, counsel for the Plaintiff effected service of the R&R on the Defendant. See DE [15]. More than fourteen days have now elapsed, and the Defendant has failed to file an objection or request an extension of time to do so.

Thus, pursuant to the provisions of 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the April 19, 2016 Report and Recommendation is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted to the extent set forth therein. The Clerk of the Court is respectfully directed to enter judgment in favor of the Plaintiff in the amount of $60,000, and to close this case for administrative purposes.

On Judge Locke's recommendation, the Court will grant the Plaintiff leave to renew its motion for reasonable attorneys' fees within 30 days of the date of this Order.

**SO ORDERED**

Dated: Central Islip, New York
      May 10, 2016      */s/ Arthur D. Spatt*
                              ARTHUR D. SPATT
                              United States District Judge